Dear Mr. Ellzey:
Your request for an Attorney General's opinion has been referred to me for research and reply. Specifically, you ask whether a political subdivision is allowed under state law to purchase property at a real estate tax sale. You further ask whether the political subdivision, as the tax sale purchaser-owner, is exempt from paying taxes on the property for three years.
In response to the first question, the authority for a political subdivision to acquire property is granted by Article VI, § 23 of the Louisiana Constitution ("Constitution"). The provision states:
 Subject to and not inconsistent with this constitution and subject to restrictions provided by general law, political subdivisions may acquire property for any public purpose by purchase, donation, expropriation, exchange or otherwise.
A political subdivision is defined in Article VI, § 44 as a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. A municipality is defined, in the same section, as an incorporated city, town, or village.
In addition to Article VI, § 23 authorizing a political subdivision to acquire property for any public purpose, La.R.S. 33:4621 provides in pertinent part: *Page 2 
 Municipalities and parishes may expropriate and otherwise acquire any private property, within or without their limits, for any of the purposes for which they are organized, and for any works that they are authorized to own or operate, or which they are authorized to lease or donate to the United States." (Emphasis added.)
Based on the reading of above provisions, a political subdivision has the authority to acquire, through any of the listed methods, full ownership of property for public purpose, irrespective of the type of sale.
That said, a tax sale transfers ownership of the described property, subject to the tax debtor's right of redemption. La.R.S. 47:2184, La.R.S. 47:2221 and La.Const. Art. VII, § 25. The redemption period does not commence until the tax debtor has been dispossessed by the tax sale purchaser pursuant to one of the methods specified in La.R.S. 47:2185 and La.R.S. 47:2221. A tax sale purchaser also is required to provide notice of the tax sale and redemption rights to the tax debtor, his mortgagee, and others who may have a vested or contingent interests in the property, and those persons that requested notice. La.R.S. 47:2183(C).
The law also provides that all taxes on the property sold at a tax sale "shall . . . be assessed to and paid by the purchaser, until the property, or any part thereof, be redeemed." La.R.S. 47:2193. This is where the tax sale purchaser's status as a political subdivision comes into play. The question of whether a particular agency should be exempt from the payment of ad valorem taxes is a factual determination exclusively reserved by Article VII, § 18(E) of the Constitution to the Assessor, the parish governing authority, the Louisiana Tax Commission and the Courts. See Attorney General Opinions 97-100, 96-320, 93-392, 92-260 and 89-599. The following represents applicable legal authorities which may be used by the appropriate taxing entities in making individual decisions.
Once title to the subject property is transferred from the private to the public sector, its ad valorem tax exempt status is governed by Article VII, § 21(A) of the Constitution. It provides in pertinent part:
 In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 (A) Public lands; other public property used for public purposes. *Page 3 
As can be seen from the above, Section 21(A) distinguishes between two classifications of public property, to-wit:
 1. Public lands; and
 2. Other public property used for public purposes. The fact that the constitution imposes no requirement that public lands be used for public purposes leads us to the conclusion that any and all public lands are uncategorically exempt from ad valorem taxation. We find support for this position in Slay v. Louisiana Energy and Power Authority, 473 So.2d 51 (La. 1985). Therein, the Court, citing Foreman v. Vermilion Parish, 336 So.2d 986 (La.App. 3rd Cir. 1976), noted:
 . . . the Third Circuit held that regardless of its use, real estate owned by a Police Jury was `public property'." [Emphasis added.]
See also Attorney General Opinions 94-495 and 89-599.
For the foregoing reasons, it is the opinion of this office that a political subdivision has authority to acquire property for any public purpose by purchase. It is further the opinion of this office that once title to the property is transferred to a political subdivision, its property will be exempt from the assessment of ad valorem taxes and/or any proration thereof. Since political subdivisions are exempt from ad valorem taxes, it would appear that a political subdivision purchasing a piece of immovable property would be exempt from having to pay taxes on the property during the three year redemptive period.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 CLAUDEIDRA MINOR
 ASSISTANT ATTORNEY GENERAL
 JDC:CM